**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                    CR No. 00-193 MV

STANLEY HOWARD SIMS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Judgment of Acquittal on Counts III and IV and Motion for New Trial on Counts I and II **[Doc. No. 134]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion will be **GRANTED in part and DENIED in part**.

## BACKGROUND

Defendant Stanley Howard Sims was indicted on four counts by a grand jury for attempting to coerce and entice a minor to engage in sexual acts, traveling in interstate commerce for the purpose of engaging in sexual acts with a minor, transporting material involving the exploitation of minors, and receiving material involving the sexual exploitation of minors **[Doc. No. 18]**. This case was tried by a jury, which returned a verdict of guilty on all counts on November 16, 2001. During the trial, Defendant requested a jury instruction to advise the jury that the government had the burden of proving beyond a reasonable doubt that the visual depictions transported and received by Defendant actually involved real children. Upon the government's objection, the Court denied

Defendant's request and found the government not to have any burden of proving that the depictions involved actual children.

After the jury verdict, the U.S. Supreme Court decided in *Ashcroft v. Free Speech Coalition*, 122 S. Ct. 1389 (2002), that the Child Pornography Protection Act of 1996 ("CPPA") was overbroad and unconstitutional by prohibiting virtual child pornography. Defendant then filed this Motion for Judgment of Acquittal on Counts III and IV, renewing his argument that the government had the burden of proving that the sexual depictions at issue involved real children, while also bringing a Motion for New Trial on Counts I and II, arguing for the first time that the evidence admitted as to Counts III and IV improperly prejudiced the jury in its deliberation over Counts I and II. The Court held a hearing on Defendant's Motion on June 5, 2002, at which time it took the motion under advisement.

## STANDARDS

In reviewing a motion for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, the Court must determine whether "viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt." *United States v. Vallo*, 238 F.3d 1242, 1247 (10th Cir. 2001) (quotation omitted). "The jury, as fact finder, has discretion to resolve all conflicting testimony, weigh the evidence, and draw inferences from the basic facts to the ultimate facts." *United States v. Valdez-Gallegos*, 162 F.3d 1256, 1262 (10th Cir. 1998) (citation omitted). However, the "evidence supporting the conviction must be substantial and do more than raise a suspicion of guilt," and a "conviction must not be obtained simply 'by piling inference upon inference.'" *Id.*

"On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require." Fed. R. Crim. P. 33. "Although a trial court is afforded discretion in ruling on such a motion, and is free to weigh the evidence and assess witness credibility, a motion for new trial is regarded with disfavor and should only be granted with great caution." *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999) (internal citation omitted).

**DISCUSSION**

**I.      Motion for Judgment of Acquittal on Counts III and IV**

Defendant argues that the government has not met its burden of proving the elements of Counts III and IV (transporting and receiving material involving the sexual exploitation of minors) beyond a reasonable doubt in light of the U.S. Supreme Court's decision in *Free Speech* that the government must prove, as a requisite element, the use of actual children in the depictions of child pornography. Defendant contends that the government did not prove this element and, thus, judgment of acquittal is warranted as to Counts III and IV.

As a preliminary matter, the Court acknowledges the government's correct statement of the law that Defendant's failure to file a motion for judgment of acquittal prior to the seven-day deadline under Rule 29 would deprive the Court of jurisdiction to adjudicate this motion. *See Carlisle v. United States*, 517 U.S. 416, 421 (1996) ("If . . . a guilty verdict is returned, a motion for judgment of acquittal must be filed, either within seven days of the jury's discharge, or within an extended period fixed by the court during that 7-day period."); *United States v. Stevens*, 978 F.2d 565, 569 (10th Cir. 1992) ("Because [the defendant] made his Rule 29(c) motion after the seven-day period and not within any court-authorized extension, the district court properly refused to hear that motion for lack of jurisdiction.").

However, the Court finds that Defendant is actually restating the same argument made during trial at the close of the government's case-in-chief, with the additional support of an intervening change in law. Consequently, Defendant's Motion for Judgment of Acquittal is more properly characterized as a motion to reconsider the Court's previous denial of Defendant's oral motion for judgment of acquittal during the trial, at which time the Court ruled that "it is not an element of the case, and therefore, not part of the Government's burden to establish beyond a reasonable doubt that [the people in the pornographic depictions] are, in fact, real children." (Transcript of Trial by Jury, CR No. 00-193, November 13–16, 2001 ("Trial Tr.") at 693.)

This Court previously has held that it "has the power to reconsider a timely motion for judgment of acquittal premised on insufficiency of the evidence when the court, which still retains jurisdiction of the case, decides . . . that its earlier denial of the Rule 29 motion was erroneous." *United States v. Bahe*, 40 F. Supp. 2d 1302, 1304 (D.N.M. 1998) (quoting *Arizona v. Maypenny*, 672 F.2d 761, 765–66 (9th Cir. 1982)). Moreover, the Tenth Circuit has stated that "where the petition for reconsideration was filed by the defendant, the petition is timely if filed within ten days of the entry of judgment." *United States v. Miller*, 869 F.2d 1418, 1421 (10th Cir. 1989) (citing Fed. R. App. P. 4(b)).

Defendant timely moved the Court to grant a judgment of acquittal at the close of the government's case-in-chief. Additionally, because the Court has not yet sentenced Defendant, judgment has not been entered in this case. *See* Fed. R. App. P. 4(b)(6) ("A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket."); *United States v. Snell*, 922 F.2d 588, 590 (10th Cir. 1990) ("In a criminal case, a decision is not final until both conviction and imposition of sentence." (citations omitted)). Therefore, Defendant's motion to

reconsider the Court's prior denial of his Motion for Judgment of Acquittal is properly before the Court.

The Court must now determine whether or not it correctly ruled that the government did not have the burden of proving beyond a reasonable doubt that the visual depictions involved actual children. In the *Free Speech* decision, the U.S. Supreme Court explicitly found the CPPA to be an unconstitutional infringement on First Amendment rights by including in the definition of "child pornography" "'any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture' that 'is, or appears to be, of a minor engaging in sexually explicit conduct'" or that "was 'advertised, promoted, presented, described, or distributed in such a manner that conveys the impression' it depicts 'a minor engaging in sexually explicit conduct.'" 122 S. Ct. at 1397 (quoting 18 U.S.C. § 2256(8)(B), (D)). Because speech that "is neither obscene nor the product of sexual abuse . . . does not fall outside the protection of the First Amendment," *id.* at 1402, the U.S. Supreme Court found the CPPA to be overly broad by criminalizing virtual depictions.

The Court agrees with the government that the U.S. Supreme Court only addressed the definition of "child pornography" under 18 U.S.C. § 2256(8)(B), (D), which pertained to activities relating to material constituting or containing child pornography pursuant to 18 U.S.C. § 2252A.[1]

---

[1]Section 2252A(a) prohibits in pertinent part:

> Any person who—
>      (1) knowingly mails, or transports or ships in interstate or foreign commerce by any means, including by computer, any child pornography;
>      (2) knowingly receives or distributes—
>           (A) any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means,

Defendant, on the contrary, was charged with transporting and receiving material involving the

sexual exploitation of minors pursuant to 18 U.S.C. § 2252,[2] which does not contain any reference

to "child pornography."  The *Free Speech* decision, therefore, does not directly affect the case at

hand.

The government also correctly notes that Section 2252 itself requires as an element of the

offense that the production "of such visual depiction involves the use of a minor engaging in sexually

explicit conduct[,] and such visual depiction is of such conduct."  18 U.S.C. § 2252(a).  Thus, even

---

> including by computer; or
> > (B) any material that contains child pornography that has
> been mailed, or shipped or transported in interstate or foreign
> commerce by any means, including by computer . . . .

18 U.S.C. § 2252A(a)(1)–(2) (West 2000).


> [2]Section 2252(a) prohibits in pertinent part:

> Any person who—
> > (1) knowingly transports or ships in interstate or foreign
> commerce by any means including by computer or mails, any
> visual depiction, if—
> > > (A) the producing of such visual depiction involves the use
> of a minor engaging in sexually explicit conduct; and
> > > (B) such visual depiction is of such conduct;
> > (2) knowingly receives, or distributes, any visual depiction that
> has been mailed, or has been shipped or transported in interstate or
> foreign commerce, or which contains materials which have been
> mailed or so shipped or transported, by any means including by
> computer, or knowingly reproduces any visual depiction for
> distribution in interstate or foreign commerce or through the mails,
> if—
> > > (A) the producing of such visual depiction involves the use
> of a minor engaging in sexually explicit conduct; and
> > > (B) such visual depiction is of such conduct . . . .

18 U.S.C. § 2252(a)(1)–(2) (West 2000).

before the *Free Speech* decision, Section 2252 required that the visual depictions at issue involve the use of an actual minor engaging in sexually explicit conduct and that they depicted such conduct. *Free Speech* merely made this requirement applicable as well to Section 2252A, which contained the much broader term of "child pornography." As a consequence, the Court finds that it previously erred by ruling that the government did not have the burden of proving beyond a reasonable doubt that the visual depictions at issue involved real children.

With that error in mind, the Court will now address Defendant's Motion for Judgment of Acquittal. As to Count III, which charges Defendant with transporting material involving the sexual exploitation of children, the Court cannot agree with Defendant that no "rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt." *Vallo*, 238 F.3d at 1247. Having viewed "the evidence in the light most favorable to the government," the Court finds that there is substantial evidence to support the conviction. *Id.* Mr. Michael Walker, the person who impersonated a young female while engaging in an email communication with Defendant, testified at trial that Defendant told him via email that one of the pictures sent by Defendant depicted Defendant having sex with an 11-year old girl from Arizona. (Trial Tr. at 449–451.) The email in which Defendant made this admission, marked as Exhibit 15B, was also introduced into evidence at trial. Thus, a rational juror could have concluded that at least one visual depiction sent to Mr. Walker involved an actual 11-year old girl engaging in sexually explicit conduct, which satisfies all of the elements as to Count III, and the Court did not err in denying Defendant's Motion on this count at the close of the government's case-in-chief.

The government, however, did not meet its burden of proving all of the elements as to Count IV of the Indictment, which charged Defendant with receiving material involving the sexual

exploitation of children. The government failed to present any evidence at trial that any of the visual

depictions received by Defendant involved the use of actual children engaging in sexually explicit

conduct. Because the evidence at trial needed to "do more than raise a suspicion of guilt," *Valdez-*

*Gallegos*, 162 F.3d at 1262, no "rational trier of fact could have found the defendant guilty of the

crime beyond a reasonable doubt," *Vallo*, 238 F.3d at 1247. As a consequence, the Court should

have granted Defendant's Motion for Judgment of Acquittal for Count IV during the trial.

The Court notes that the government perhaps *could have* presented more evidence in support

of both Counts III and IV had the Court ruled in Defendant's favor with regard to the government's

burden of proving the use of real children in the visual depictions. However, it was in accordance

with the government's objection that the Court found no such burden to exist. The government

could have taken a more cautionary approach and presented evidence to prove the use of actual

children, but it made the strategic decision not to do so. As a consequence, the Court cannot now

accept an insufficient guilty verdict merely because it was persuaded by the government's argument

at trial, which it now finds to be erroneous.

In essence, the government argued that rather than having the burden of proving that the

children in the visual depictions were actual children, it only had to rebut any argument made by

Defendant that the visual depictions did not involve children or were altered in some way. Since

Defendant did not present any expert testimony on the subject, the government believed it had no

burden to even address whether or not actual children were used in the depictions.

Yet, the government's proposed burden-shifting scheme is exactly the type of affirmative

defense argument that was criticized by the *Free Speech* Court, which stated that there may be

"serious constitutional difficulties by seeking to impose on the defendant the burden of proving his speech is not unlawful." 122 S. Ct. at 1404. The U.S. Supreme Court further noted:

> An affirmative defense applies only after the prosecution has begun, and the speaker must himself prove, on pain of felony conviction, that his conduct falls within the affirmative defense. In cases under the CPPA, the evidentiary burden is not trivial. Where the defendant is not the producer of the work, he may have no way of establishing the identity, or even the existence, of the actors. If the evidentiary issue is a serious problem for the Government . . . , it will be at least as difficult for the innocent possessor.

*Id.* While the U.S. Supreme Court did not find it necessary to decide "whether the Government could impose this burden on a speaker," this Court finds such a burden to be contrary to the spirit of the *Free Speech* decision. Unlike the government's assertions, this situation does not require it to prove a "negative"—that the visual depictions were not "morphed" or altered, but rather a "positive"—that the depictions involved real children. To hold otherwise and remove the government's burden of proving that the visual depictions involving the sexual exploitation of children actually involved the use of real children would make the prohibitions of Section 2252 as unconstitutionally broad as Section 2252A and its prohibition of "child pornography."

By granting judgment of acquittal as to Count IV, the Court is not necessarily approving in retrospect Defendant's requested jury instruction on the burden of proving the use of actual children. Rather, the Court is acknowledging its own error in not properly identifying the elements of the offense and in now finding that the government did not satisfy its burden of proving one of the requisite elements.

## II.     Motion for New Trial on Counts I and II

Similar to motions for judgment of acquittal, a defendant must file a motion for new trial "within 7 days after the verdict or finding of guilty or within such further time as the court may fix during the 7-day period." Fed. R. Crim. P. 33. "A motion for new trial based on newly discovered evidence may be made only within three years after the verdict or finding of guilty." *Id.* "The time limitations imposed by Rule 33 are jurisdictional in nature." *Quintanilla*, 193 F.3d at 1148 (citing *Miller*, 869 F.2d at 1420).

Defendant filed his motion for new trial well beyond the seven-day deadline and does not assert that his motion is based on newly discovered evidence. Moreover, Defendant has never requested an extension of the seven-day deadline. Because Defendant raises these bases for a new trial for the first time after the deadline imposed by Rule 33, the Court has no jurisdiction to address this motion.

## CONCLUSION

The Court is troubled by the events of Defendant's trial and the subsequent *Free Speech* opinion, decided after the jury verdict, which would have provided some guidance in analyzing some of the complicated issues pertaining to the elements of the charged offenses and burdens of proof. All of these uncertainties may have detrimentally affected Defendant's case and the jury's deliberations, especially concerning Counts III and IV of the Indictment. The Court believes the proper remedy would be to conduct a new trial, but Defendant at no time during trial or within the seven-day deadline moved the Court for a new trial. Moreover, Defendant's claim that the recent *Free Speech* decision should be considered "newly discovered evidence," thereby extending the deadline for a motion for new trial, cannot even be addressed because Defendant does not request

a new trial for the counts affected by that decision.  The Court is jurisdictionally prohibited from *sua sponte* granting a new trial, and, thus, its hands are tied.  *See* Fed. R. Crim. P. 33 advisory committee's note, 1966 Amendments ("[A] judge has no power to order a new trial on his own motion [and] can act only in response to a motion timely filed by a defendant.").

　　　　**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment of Acquittal on Counts III and IV **[Doc. No. 134]** is hereby **DENIED** as to Count III and **GRANTED** as to Count IV.

　　　　**IT IS FURTHER ORDERED** that Defendant's Motion for New Trial on Counts I and II **[Doc. No. 134]** is hereby **DENIED**.

　　　　Dated this 28th day of August, 2002.

　　　　　　　　　　　　　　　　　　　　　　

MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney(s) for Plaintiff(s):
Tara C. Neda, Esq.

Attorney(s) for Defendant(s):
Tova Indritz, Esq.