IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                  CR No. 00-193 MV

STANLEY HOWARD SIMS,

    Defendant.


**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Defendant's Motion for Reconsideration of the Court's Denial of Defendant's Motion for Judgment of Acquittal on Count III **[Doc. No. 146]**. The Court, having considered the motion, briefs, relevant law and otherwise being fully informed, finds that the motion is not well-taken and will be **DENIED.**

**BACKGROUND**

      On February 25, 2000, Defendant Stanley Howard Sims was indicted by a grand jury on four counts **[Doc. No. 18]**. Count I charged Defendant with attempting to coerce and entice a minor to engage in sexual acts, in violation of 18 U.S.C. § 2243(a), and Count II charged Defendant with traveling in interstate commerce for the purpose of engaging in sexual acts with a minor, in violation of 18 U.S.C. § 2423(b). Count III charged Defendant with transporting via computer visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1), and Count IV charged Defendant with receiving via computer visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). Following a jury trial, Defendant was convicted on all four counts.

After the verdict, Defendant moved for a new trial on Counts I and II and for judgments of acquittal on Counts III and IV **[Doc. No. 134]**. The Court held a hearing on Defendant's motions on June 5, 2002, at which time it took the motions under advisement. On August 28, 2002, this Court entered a Memorandum Opinion & Order (Prior Opinion) in which it (1) denied Defendant's request for a new trial on Counts I and II due to lack of jurisdiction, as the motion had been filed untimely; (2) denied Defendant's request for judgment of acquittal on Count III (transmission of images); and (3) granted Defendant's motion for judgment of acquittal as to Count IV (receipt of images). *See United States v. Sims*, 220 F.Supp.2d 1222 (D.N.M. 2002).

As explained in the Prior Opinion, Defendant's motions rested largely on the U.S. Supreme Court's decision in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), regarding the definition of "child pornography" under 18 U.S.C. § 2256 and the implications of that ruling for Defendant's prosecution under 18 U.S.C. § 2252. *See Sims*, 220 F.Supp.2d at 1225-26. Counts III and IV of the grand jury indictment charged Defendant with knowing transmission and receipt of images of minors engaged in sexually explicit conduct, that had been *produced using minors* engaged in such conduct, in violation of § 2252(a)(1) and (2).[1] The crux of both the present motion for reconsideration and

---

[1] Count III of the indictment states,
    In or about September 1999, until and including January 22, 2000, in Eddy County, in the State and District of New Mexico the defendant, STANLEY HOWARD SIMS, did knowingly transport and ship in interstate commerce by an interactive computer service (as defined in 47 U.S.C. § 230(e)(2)), visual depictions of minors engaging in sexually explicit conduct which were produced using minors engaged in such conduct. In violation of 18 U.S.C. § 2252A(1).

Count IV of the indictment states,
    In or about September 1999, until and including January 22, 2000, in Eddy County, in the State and District of New Mexico, the defendant, STANLEY HOWARD SIMS, did knowingly receive in interstate commerce by an interactive computer service (as defined in 47 U.S.C. § 230(e)(2)), visual depictions of minors

the prior request for judgment of acquittal is a dispute between the parties as to whether, in a prosecution brought under § 2252, the government must prove affirmatively, in its case-in-chief, that the children depicted in the allegedly prohibited images are actual minors.

The fact of the parties' disagreement did not become apparent until each side submitted its requested jury instructions. As a result, this Court did not have the benefit of briefs or arguments on this issue before trial commenced.

While each party's proposed jury instructions included language stating that, to find Defendant guilty under § 2252, the jury would have to conclude that the images involved the "use of a minor" engaged in sexually explicit conduct, the parties did not agree as to which side had the burden of proving that the children were in fact real minors. Defendant's proposed Jury Instruction No. 10 **[Doc. No. 96]** specified that "the government must prove ... beyond a reasonable doubt that the depictions involve actual, real children."[2] (Def.'s Requested Jury Instruction No. 10.) In support

---

engaging in sexually explicit conduct which were produced using minors engaged in such conduct. In violation of 18 U.S.C. § 2252A(2).

[2]In relevant part, Defendant's Requested Jury Instruction No. 10 stated,

In order to convict Mr. Sims of the charges in Counts III and IV, the government must prove to you beyond a reasonable doubt that the depictions involve actual, real children. If you believe they are, or could be, computer-generated depictions, rather than photographs of real children, then you must find Mr. Sims not guilty. If you find that the government did not prove that the items Mr. Sims is alleged to have sent or received are not computer-generated, then you must find him not guilty.

Sometimes pictures of children are taken from books, magazines, catalogs, or videos; the images are then loaded onto a computer; and the original pictures are then transformed through a process known as "morphing" into pictures depicting children engaged in sexually explicit conduct. If that happened in this case, or if the government fails to prove that that did not happen in this case, then you must find Mr. Sims not guilty.

of this reading of the elements of § 2252, Defendant cited the Ninth Circuit's holding in *Free Speech Coalition v. Reno*, 198 F.3d 1083, 1094 n.7 (9th Cir. 1999), *aff'd sub nom. Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), that the Child Pornography Protection Act of 1996 (CPPA), 18 U.S.C. § 2256, was unconstitutional because it criminalized not only material that depicted *actual* minors engaged in sexually explicit conduct, but also material that "appear[ed] to be" or "convey[ed] the impression" of child pornography. Defendant additionally relied on the briefs filed by the government with the Supreme Court in the appeal of *Free Speech Coalition*, which stated that computer imaging technology is such that pictures of actual children engaged in sexually explicit conduct are virtually indistinguishable from images made from "morphed" images or with youthful-looking individuals. (*See* Def.'s Requested Jury Instruction No. 10.)

The government objected to Defendant's proposed Jury Instruction No. 10 on the grounds that use of real children was not an element of the crime charged. In its requested jury instructions and at trial, the government maintained that it was Defendant's responsibility to introduce evidence that the images were not of actual minors. As a general matter, the government cited the U.S. Supreme Court's refusal in *Patterson v. New York*, 432 U.S. 197, 210 (1977), "to adopt as a constitutional imperative, operative countrywide, [the rule] that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to culpability of an

---

The technology of computer-imaging makes it difficult, if not impossible, to distinguish computer-generated from photographic depictions of child sexual activity. If you find that the government has not proved that the images involved here are not computer-generated, then you must find Mr. Sims not guilty.

If the depictions merely "appear to be" of a minor or "conveys the impression" of a minor, that is not sufficient to convict Mr. Sims for having such a depiction. ... Def.'s Requested Jury Instruction No. 10.

accused." *See United States' Supplemental Objection to Def.'s Proposed Jury Instruction No. 10* at 2; *see also Trans*. at 604. Additionally, the government pointed out that while *Free Speech Coalition* pertained to the definition of "child pornography" under 18 U.S.C. § 2256, Defendant had been charged under 18 U.S.C. § 2252, which made no reference to that term. *See United States' Objections to Def.'s Jury Instructions* at 2-3.

Alternatively, the government relied on appellate decisions that had interpreted the CPPA differently from the Ninth Circuit. In *United States v. Hilton*, 167 F.3d 61 (1st Cir. 1999), and *United States v. Acheson*, 195 F.3d 645 (11th Cir. 1999), the First and Eleventh Circuits upheld § 2256 and found no constitutional infirmity in its prohibition of child pornography that had been created using "virtual" minors. In part, these courts were persuaded by the argument that requiring the prosecution to prove that the images were of real children would make the law essentially unenforceable and defeat the purpose of the legislation. The government further noted that the only district court to have addressed this statute in the Tenth Circuit had adopted the rationale of *Hilton* and *Acheson* and had declined to follow the Ninth Circuit's approach. *See United States v. Pearl*, 89 F.Supp.2d 1237 (D. Utah 2000). The government urged the Court to adopt the position taken in *United States v. Vig*, 167 F.3d 443 (8th Cir. 1999), and find that the "'genuineness' of the visual depictions ... is a factual matter to be determined by the jury" and that the government, as part of its affirmative case, need not negate Defendant's mere speculation that the children in the images were computer-generated or otherwise not actual minors. *See United States' Supplemental Objection* at 2.

At trial, the government and Defendant continued to voice disagreement on the issue. The government stated that it was Defendant's responsibility to inject the issue of whether the children

were real through use of expert testimony, but that Defendant had failed to give Rule 16 notice that he in fact had any such expert. Because the government did not receive such notice and because it did not believe it had the burden of proof on the matter, the government decided not to present evidence that the children in the images were real. *See Trans.* at 316-17, 601, 604-05. Accordingly, the government did not elicit testimony on this issue from its witness, FBI Agent Mark Flores, who the government represented to the Court could verify that the images portrayed actual minors.[3]

Defendant countered that he did not procure an expert to testify on the matter because he believed that the government had the burden of raising and proving that the children depicted were real. Since he had not received any information from the government through discovery indicating that it possessed any evidence that the children in the images were real, Defendant believed that the government had no evidence on the matter and thus, obtaining an expert on this issue was entirely unnecessary. *See Trans.* at 317-19, 602-03.

Persuaded by the doctrinal and policy analyses of the First, Eighth, and Eleventh Circuits, this Court ultimately accepted the government's argument – that it did not have the burden of proving that the individuals depicted in the images prohibited by § 2252 were actual minors – as the accurate interpretation of the law and, thus, rejected Defendant's requested jury instructions.[4] *See Trans.* at

---

[3] The government stated at this time that it knew for a fact that some of the children depicted in the photos were real because "Innocent Images was able to identify some of these children." *See Trans.* at 316. Agent Mark Flores from Innocent Images testified on behalf of the government and, as counsel for the government indicated, could have offered testimony relevant to the determination of whether the children in the images were real minors. *See Trans.* at 607-08.

[4] The instructions actually given to the jury as to Counts III and IV did not address which party had the burden of proving that the children in the images were real minors. The relevant instructions only required that the jury find proof beyond a reasonable doubt that "the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct"; that "such visual depiction is of a minor engaged in sexually explicit conduct"; and that "defendant knew that

633. As a direct result of the Court's ruling, the government did not explore the issue on its redirect examination of FBI Agent Flores or at any other point during the trial.

At the close of the government's case, Defendant orally moved for judgment of acquittal on Counts III and IV. Defendant again voiced his objection to the jury instructions adopted by the Court and continued that, notwithstanding this Court's ruling as to the elements of proof and jury instructions, the government had not met its burden of proving that the minors in the images were real minors or that Defendant knew that they were real children. *See Trans.* at 691-93. This Court denied Defendant's motion because, as stated in its ruling on the law, it did not believe the prosecution was required to prove that the children depicted were real minors. *See Trans.* at 693. Subsequently, on November 16, 2001, the jury convicted Defendant on each of the four counts alleged in the indictment.

On April 16, 2002, the U.S. Supreme Court affirmed the Ninth Circuit's holding in *Free Speech Coalition*, that the CPPA was unconstitutionally overbroad in its prohibition of "virtual" child pornography along with its criminalization of pornographic images that had been created through the use of actual children. On April 23, 2002, Defendant submitted his post-convictions motions, arguing that, in light of the Supreme Court's holding in *Free Speech Coalition*, this Court had issued erroneous jury instructions at trial and had erred in denying his motion for judgments of acquittal during trial because the government had failed to meet its burden of proof under the correct legal standard.

---

at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor." *See* Jury Instructions No. 21 and 23 **[Doc. No. 131]**. In other words, the jury instructions directed the jurors' attention to the apparent age of the individuals depicted in the images, rather than to the issue of whether they were actual people.

In its Prior Opinion, this Court agreed with Defendant that it had committed error in its rulings on the issue of burdens and jury instructions at trial and proceeded to consider Defendant's motion for judgments of acquittal under a correct statement of the law. Looking at the evidence in the light most favorable to the government – as required on a motion for judgment of acquittal – this Court concluded that there was sufficient evidence for a "rational trier of fact [to] have found the defendant guilty" beyond a reasonable doubt on Count III (transporting images). *United States v. Sims,* 220 F.Supp.2d 1222, 1226-27 (D.N.M. 2002). On the other hand, the Court did not find sufficient evidence to support a conviction for Count IV since "[t]he government failed to present any evidence at trial that any of the visual depictions received by Defendant involved the use of actual children engaging in sexually explicit conduct." *Id.* at 1227. The Court granted Defendant's motion as to Count IV, adding that

> [T]he government perhaps *could have* presented more evidence in support of both Counts III and IV had the Court ruled in Defendant's favor with regard to the government's burden of proving the use of real children in the visual depictions. However, it was in accordance with the government's objection that the Court found no such burden to exist. The government could have taken a more cautionary approach and presented evidence to prove the use of actual children, but it made the strategic decision not to do so. As a consequence, the Court cannot now accept an insufficient guilty verdict merely because it was persuaded by the government's argument at trial, which it now finds to be erroneous.

*Id.*

After the Court issued its Prior Opinion on August 28, 2002, Defendant filed the present motion to reconsider the denial of the motion for judgment of acquittal as to Count III. Subsequently, the government filed a responsive brief, and Defendant filed a reply.

## **STANDARD**

Although the Federal Rules of Criminal Procedure do not include any provisions for a motion to reconsider, courts in the Tenth Circuit have countenanced such a motion under the common law doctrine and considerations of judicial economy recognized in *United States v. Healy*, 376 U.S. 75 (1964). *See, e.g., United States v. Corey*, 999 F.2d 493, 495 (10th Cir.1993); *U.S. v. Anderson*, 85 F.Supp.2d 1084, 1109-10 (D.Kan. 1999). Courts have evaluated motions to reconsider in criminal cases under the same standards governing a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See, e.g., U.S. v. Thompson*, 125 F.Supp.2d 1297 (D.Kan. 2000). Accordingly, the Court may grant a motion for reconsideration on any one of three grounds: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. *See Major v. Benton*, 647 F .2d 110, 112 (10th Cir.1981) (cited in *United States v. Prince*, 167 F.Supp.2d 1296, 1300 (D.Kan. 2001)). A motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd,* 43 F.3d 1484 (10th Cir.1994). In other words, such motions are not appropriate if the movant's only purpose is to have the reviewing court revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied*, 506 U.S. 828 (1992). On the other hand, a motion to reconsider is appropriate if "the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence." *Comeau v. Rupp*, 810 F.Supp. 1172, 1175 (D.Kan.1992). The decision

to grant or deny a motion for reconsideration is committed to the reviewing court's sound discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988).

## DISCUSSION

In the pending motion, Defendant essentially restates his earlier argument: under a correct reading of the applicable law and elements of proof, the evidence was insufficient to convict Defendant as to Count III. In particular, Defendant claims the evidence cited by this Court in the Prior Opinion as the basis for its denial of acquittal is insufficient to support a conviction on that charge. In making that ruling, this Court concluded that "substantial evidence" existed to support the conviction and rested this finding on two pieces of evidence: (a) trial testimony by prosecution witness Michael Walker that Defendant told Walker (via email) that one of the images Defendant had e-mailed was of Defendant engaged in intercourse with an 11-year old girl from Arizona, and (b) the email in which Defendant allegedly made this admission (Exhibit 15B). *See United States v. Sims*, 220 F.Supp.2d 1222, 1227 (D.N.M. 2002).

Defendant relies on the trial transcript for his position that this evidence is not as persuasive as the Court seems to find. First, Defendant argues that Walker's testimony regarding Sims's alleged email admission "is completely not supported, and in fact is contradicted, by Defendant's e-mail in Exhibit 15B that [Sims] 'delayed the meeting' [with the Arizona girl]." *Def.'s Mot. for Recons.* at 2. Second, Defendant points out that defense counsel did not "intricately cross-examine Walker on this point because the jury was not going to be instructed that they had to find that the visual depictions were of real children, and in fact defense counsel was precluded from such lines of inquiry at other points in the trial." *Def.'s Mot. for Recons.* at 2-3.

Defendant thus does not argue that reconsideration is warranted due to an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Rather, Defendant only disagrees with the Court's assessment that, viewing the evidence presented at trial in the light most favorable to the government, a rational juror could have found defendant guilty beyond a reasonable doubt. Even if this Court were to read Defendant's motion as requesting reconsideration to prevent manifest injustice or correct clear error in light of the Court's erroneous rulings as to burdens of proof and jury instructions at trial, the motion must be denied.

On its surface, Defendant has based his motion for acquittal as to Count III on the alleged insufficiency of the government's evidence. On closer inspection, however, Defendant's claim is not one of pure evidentiary insufficiency since Defendant argues that the evidence is inadequate under the legal rule acknowledged by the Court *after trial* as controlling, and not under the standard adopted by the Court *at trial*. The Court accepted Defendant's position – that § 2252(a) places on the government the burden of proving that children depicted in the illegal pornographic images are real – upon consideration of Defendant's post-conviction Motion for Judgment of Acquittal **[Doc. No. 134]**. Defendant's attempt to frame the present Motion for Reconsideration as based solely on evidentiary sufficiency and not on relevant law is entirely disingenuous.[5] Although the appropriate

---

[5]In his Reply, Defendant states

> Defendant's motion asking this Court to reconsider its denial of defendant Sims' motion for a judgment of acquittal on Count III based on insufficiency of the evidence on those counts, as measured by the standard set forth in the Supreme Court's April 16, 2002, decision in *Ashcroft v. Free Speech Coalition*, 122 S.Ct. 1389 (2002), does not challenge the Court's ruling on the law. Rather that motion only addresses the facts and whether the facts cited by the Court [in its Prior Opinion] in connection with Count III of the indictment support the Court's conclusion that there is evidence from which a 'rational trier of fact could have found the defendant guilty

remedy for erroneous jury instructions is usually a new trial, Defendant never requested a new trial as to Count III at any point during trial or after conviction. Thus this Court is in the peculiar position of being asked to issue a judgment of acquittal because the government did not meet its burden of proof on all the elements of the crime alleged, even though this insufficiency is the result of the Court's own admittedly-erroneous ruling as to what the government was required to prove for a conviction.[6]

The events leading up to consideration of the present motion are comparable to those that led to the rulings in *United States v. Wilson*, 913 F.Supp. 1450 (D.Kan. 1996) and *United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1996). In those cases, the defendants had been convicted of using

---

of the crime beyond a reasonable doubt'. [sic] And the Court has ruled that the government had the burden of proving beyond a reasonable doubt that the visual depictions at issue involved real children, [*see United States v. Sims*, 220 F.Supp.2d 1222, 1226 (D.N.M. 2002)]."

*Def.'s Reply to United States' Resp. to Mot. for Recons.* at 1-2.

However, the legal ruling that Defendant claims he is not disputing was adopted precisely upon his urging in his post-conviction motion for judgment of acquittal. In support of that motion, Defendant offered a lengthy explanation as to why *Free Speech Coalition* suggested that this Court's allocation of burdens at trial was erroneous and that the Court's jury instructions were also erroneous. *See Def.'s Mot. for J. of Acquittal; see also Def.'s Reply to United States' Resp. to Mot. for J. of Acquittal.* It is incredulous for Defendant to say now, after the Court has accepted that its legal ruling at trial was incorrect and while the Court is attempting to apply the correct legal standard, that he has made no argument about relevant law.

[6]In resolving the dispute over the proper jury instructions, this Court stated as follows:
With regard to the issue raised in [defense counsel's] jury instruction, making it an element for the government to establish beyond a reasonable doubt that the children in the depictions are real children, the Court is going to deny that request and that instruction based upon the case law, specifically [that of] the Eighth Circuit, *United States v. Vig*.... The Court finds that it is not an element required by the Government to establish beyond a reasonable doubt.
*Trans.* at 633-34.

a firearm during and in relation to a drug trafficking offense, under 18 U.S.C. § 924(c). The trial court in each prosecution had used the Tenth Circuit's broad interpretation of what constituted sufficient evidence of impermissible "use" under section 924(c). In *Wilson*, the trial court denied defendant's motion for judgment of acquittal and for new trial, finding sufficient evidence to convict under the "use" provision. In *Wacker*, the trial court similarly denied defendants' motion for acquittal on evidentiary grounds. After the denial in *Wilson* and appellate briefing and oral arguments in *Wacker*, the Supreme Court decided *Bailey v. United States*, 516 U.S. 137 (1995), clarifying that section 924(c)'s prohibition on "use" was narrower in scope and required a more particular evidentiary showing by the government than had been required under the Tenth Circuit's pre-*Bailey* interpretation of the statute. *See Wacker*, 72 F.3d at 1463.

In light of this change, both the *Wilson* and *Wacker* courts ordered new trials for the defendants convicted under section 924(c). In *Wilson*, the court denied defendant's motion for judgment of acquittal because it found that the evidence at trial was adequate to sustain a conviction under the *Bailey* rule. However, the court granted defendant a new trial because the jury had been "improperly instructed regarding the definition of the word 'use' and that error was potentially prejudicial" to the defendant. *Wilson*, 913 F.Supp. at 1454. In *Wacker*, the Tenth Circuit also examined the evidence presented at trial under the new *Bailey* rule and found that as to one of the defendants, while the evidence was sufficient to convict under the Tenth Circuit's pre-*Bailey* standard, the court would "not say how a jury might decide this issue if properly instructed under the law as defined by *Bailey*." *Wacker*, 72 F.3d at 1464-65. Concluding that "[t]he question of whether

Edith Wacker's gun was 'used' under section 924(c) is best left to the determination of a properly instructed jury," the court remanded the issue for new trial. *Id.* at 1465.[7]

In the case at bar, we also are presented with a conviction reached by a jury that deliberated under legal standards and jury instructions which, when read in their entirety, are at least ambiguous and at most clearly inaccurate statements of the law.[8] Although a new trial would be the least drastic and most appropriate remedy, this Court is without jurisdiction to order one, given the procedural posture of this case. Defendant never sought a new trial on the counts affected by the error he cites and instead requests only a judgment of acquittal -- in essence, Sims "seeks the legal judgment which would bar his reprosecution." *United States v. Wood*, 958 F.2d 963, 967 (10th Cir. 1992).

---

[7] The Tenth Circuit also noted that the remand did not raise any double jeopardy concerns because it was "analogous to one based on trial error: the legal standard under which the jury was instructed and under which the government presented its proof was incorrect." *Wacker*, 72 F.3d at 1465; *see also Lockhart v. Nelson*, 488 U.S. 33 (1988) (finding retrial after reversal for "trial error" does not violate double jeopardy, unlike reversal for pure evidentiary insufficiency).

[8] The Court notes that the government, in its responsive filings to the present motion, attempts to exploit the ambiguity in the jury instructions given at trial to its advantage. The government suggests that implicit in the jury's verdict of guilty is a finding that the children depicted were actual minors to the extent it stresses that "[o]f utmost significance are the jury instructions, which required a finding that the images depicted actual minors." *See United States' Response to Mot. for Recons.* at 3. However, the jury instructions nowhere make explicit that the jury needed to find that the images were of actual minors. *See supra note 4*. In fact, at trial, while debating which party had the burden of proof on this issue, the government repeatedly stated that it did not want to "go into" the question because Defendant had not raised it and that Defendant – who, according to the government, had the burden – had failed to give any notice that it would present expert testimony on the issue and therefore could not "inject" the issue during trial. In other words, at trial, the government's position was that the question as to whether the children were real had not been raised by Defendant, could not be raised due to procedural bars, and would not be raised by the government in its case. The government's own jury instructions, which the Court adopted, were at most ambiguous on the issue. For the government now to claim that the issue of whether the children were real actually was argued and that the jury predicated its verdict on consideration of the issue is, at best, an exploitation of the very ambiguity it created through its jury instructions and, at worst, a dishonest rewriting of its position at trial.

**CONCLUSION**

Defendant's present motion only disputes this Court's assessment as to whether a rational juror could have found Defendant guilty of the crime charged, keeping in mind that the correct legal rule in this case would have required the government to prove, as part of its case-in-chief, that the children depicted in the prohibited images were real. Had Defendant timely filed motions for new trial based on trial error and related evidentiary insufficiency, this Court might have considered whether such a more temperate course of action would have been appropriate. However, on the instant motion for reconsideration, Defendant's disagreement with this Court's analysis does not provide a legally sufficient basis to revisit the Prior Opinion. Therefore, Defendant's request for reconsideration of the Court's denial of judgment of acquittal as to Count III is **DENIED**.

Dated this 11th day of March, 2003.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
Tara Neda

Attorney for Defendant:
Tova Indritz